Michael J. Levy (SBN 154290)
J. Scott Mcnamara (SBN 133096)
Nicholas G. Campins (SBN 238022)
**CALIFORNIA DEPT. OF INSURANCE**
1901 Harrison Street
Oakland, CA 94612
Telephone: 415.538.4149
Nicholas.Campins@insurance.ca.gov

*Attorneys for the State of California, by and
through California Insurance Commissioner,
Ricardo Lara*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA, <br><br> *ex rel.* ZACHARY SILBERSHER, <br><br> Plaintiffs, <br><br> v. <br><br> ALLERGAN PLC, ALLERGAN, INC., ALLERGAN USA, INC., ALLERGAN SALES, LLC, FOREST LABORATORIES HOLDINGS, LTD., ADAMAS PHARMA, AND ADAMAS PHARMACEUTICALS, INC., <br><br> Defendants. | Case No.: 3:18-cv-03018-JCS <br><br> **STATEMENT OF INTEREST ON BEHALF OF THE STATE OF CALIFORNIA, BY AND THROUGH THE CALIFORNIA INSURANCE COMMISSIONER** <br><br> Chief Magistrate Judge Joseph C. Spero <br><br> Courtroom G <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 |

1    The State of California, by and through the California Insurance Commissioner, files this
2    Statement of Interest in support of the relator, Zachary Silbersher.

3    The Department of Insurance, through the Insurance Commissioner, has responsibility for
4    enforcing the California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871-1879.8 (the
5    "CIFPA"), which is directed to preventing fraud on private insurers. The Department has a significant
6    interest in stopping fraudulent practices that raise the price of prescription drugs. The Department is
7    also concerned about the impact high drug prices have on health insurance premiums.[1] There is
8    growing evidence that a significant driver of high drug prices is the abuse of invalid patents to
9    exclude generic competition. Such improper "evergreening" practices raise the price of medicine to
10   monopolistic levels for many years while patent validity is litigated.

11   Additionally, some provisions in the CIFPA, particularly with respect the statute's *qui tam*
12   provisions, are similar to the federal False Claims Act. The Department therefore has an interest in
13   ensuring that case law develops consistent with upholding the purpose underlying these statutes,
14   because the courts will often look to federal decisions for guidance in interpreting the CIFPA. *See,*
15   *e.g., City of Hawthorne* ex rel. *Wohlner v. H&C Disposal Co.,* 109 Cal. App. 4th 1668, 1682, 1 Cal.
16   Rptr. 3d 312, 321 (2003), *as modified on denial of reh'g* (July 29, 2003).

17   The theory of liability underlying this case—along with two other unsealed cases brought by
18   the relator[2]—is that when brand pharmaceutical companies fraudulently obtain patents and use them
19   to exclude generic competitors and charge monopoly prices, then all subsequent claims for payment
20   incorporating the inflated prices are false claims. Relator's suits, if successful, may set an important
21   precedent that would discourage drug companies from taking advantage of the *ex parte* nature of
22   patent proceedings by withholding or misrepresenting material information relating to patentability—
23   and thereby significantly reduce the amount governments and insurers pay for important medicines.

24

25   [1] *See Impact on Prescription Drug Costs on Health Insurance Premiums* (California Department of
     Insurance: Dec. 31, 2018) (http://www.insurance.ca.gov/01-consumers/110-health/60-
26   resources/upload/CDI-Prescription-Drug-Premium-Impact-Report-Dec-31-2018.pdf) Indeed, by some
     estimates nearly 25% of health care premiums are used for prescription drugs. *See*
27   https://www.ahip.org/wp-content/uploads/2017/03/HealthCareDollar_FINAL.pdf.

     [2] *See Silbersher v. Janssen Biotech, Inc.*, No. 2:19-cv-12107 (KM-HBC) (D.N.J.); and *Silbersher v.*
28   *Valeant Pharms. Int'l Inc.,* No. 3:18-cv-1496-JD (N.D. Cal.).

1    We understand the court in *United States* ex rel. *Silbersher v. Valeant Pharm. Int'l, Inc.*, No.

2    3:18-cv-01496-JD (N.D. Cal. May 11, 2020), Dkt. No. 109 ("Order"), dismissed the relator's

3    complaint on public disclosure grounds. We also understand that, relying on the Order, defendants in

4    this case have sought to argue government authorities were placed "on notice" of the alleged fraud

5    because of information pieced together from various patent filings with the U.S.P.T.O. We

6    respectfully disagree with the reasoning in the Order and with the notion that government agencies

7    are placed on notice of fraud based on patent filings.

8    Mr. Silbersher's suits are neither "parasitic" nor "opportunistic." We are not aware of any

9    government agency that regularly monitors patent filings[3] to determine whether there has been a

10   material omission or misrepresentation in applications for pharmaceutical patents, particularly given

11   the specialized expertise and amount of resources that would be required to do so. We therefore

12   welcome the efforts of relators like Mr. Silbersher to help identify instances where drug patents are

13   not just invalid, but fraudulent—particularly in a case like this, where there was apparently no pre-

14   existing government investigation concerning the alleged fraud. Such efforts, if successful, may help

15   lower the price of medicine and the cost of health insurance, which is consistent with our mission.

16   Dated: June 8, 2020                              Respectfully submitted,

17                                                    **CALIFORNIA DEPARTMENT OF
                                                      INSURANCE**
18

19                                          By:___*/s/ Nicholas G. Campins*_____
                                                      Nicholas G. Campins (SBN 238022)
20                                                    Senior False Claims Trial Attorney
                                                      **CALIFORNIA DEPT. OF INSURANCE**
21                                                    1901 Harrison Street
                                                      Oakland, CA 94612
22                                                    Telephone: 415.538.4149
                                                      Nicholas.Campins@insurance.ca.gov
23
                                                      *Attorneys for the State of California, by and*
24                                                    *through California Insurance Commissioner,*
                                                      *Ricardo Lara*
25

26

27   _____
     [3] While there are differences in the definition of "public disclosure" between the federal False Claims
28   Act and the CIFPA, we do not believe patent filings should qualify as an enumerated public forum for
     public disclosure purposes.

     _____
     STATEMENT OF INTEREST ON BEHALF OF THE STATE OF CALIFORNIA,        3:18-CV-03018-JCS
     BY AND THROUGH THE CALIFORNIA INSURANCE COMMISSIONER