UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SILBERSHER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLERGAN INC., et al.,<br><br>    Defendants. | Case No. 18-cv-03018-JCS<br><br>**ORDER GRANTING MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL AND FOR STAY, VACATING FEBRUARY 5, 2021 MOTION HEARING AND CONTINUING FURTHER CASE MANAGEMENT CONFERENCE TO JUNE 4, 2021**<br><br>Re: Dkt. No. 136 |

## I. INTRODUCTION

Plaintiff-Relator Zachary Silbersher ("Relator") brings this action against two sets of defendants: 1) the Allergan Defendants ("Allergan"); and 2) the Adamas Defendants ("Adamas"). He asserts claims under the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, based on allegations that Adamas and Allergan misled the United States Patent Office ("PTO") into issuing invalid patents protecting the drugs Namenda XR® and Namzaric®, thus perpetuating their monopoly power and allowing them to overcharge the federal government and the States for these drugs under various programs, including Medicare and Medicaid. Adamas and Allergan brought motions to dismiss, which the Court denied. Dkt. No. 135 ("December 11, 2020 Order"). Defendants now bring a Motion to Certify Order for Immediate Appeal and Stay ("Motion"), asking the Court to certify its December 11, 2020 Order for immediate interlocutory review under 28 U.S.C. § 1292(b) and to either: 1) stay the case for the duration of the appeal; or 2) stay the case pending the Ninth Circuit's decisions in *United States ex rel. Silbersher v. Valeant Pharmaceuticals International*, Inc., No. 18-cv-1496 JD, United States District Court for the Northern District of California ("*Valeant"*) and *United States ex rel. Integra Med Analytics LLC v.*

1  *Providence Health & Servs.*, No. CV 17-1694 PSG (SSX), United States District Court for the
2  Central District of California. ("*Integra*").  The Court finds that the Motion is suitable for
3  determination without oral argument and therefore vacates the hearing set for February 5, 2021
4  pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Motion is GRANTED.[1]

## II.   ANALYSIS

### A.   Interlocutory Appeal

Defendants contend the December 11, 2020 Order should be certified for interlocutory appeal based on at least the following issues addressed in the Court's Order:

1.  Whether the PTO's consideration of a patent prosecution is a "Federal . . . hearing, audit, or investigation" within the meaning of Section 3730(e)(4)(A)(ii) of the FCA;

2. Whether information reported by the PTO on its public Patent Application Information Retrieval website ("PAIR") is a "Federal report" under the same subsection; and

3. Whether information published on the public version of PAIR qualifies as "news media" as that term is used in Section 3730(e)(4)(A)(iii).

*See* Dkt. No. 136 at ECF p. 6. The Court agrees.

Under 28 U.S.C. § 1292(b), a federal district court may certify an order for immediate interlocutory review where: (1) "the order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  By its terms, § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.  *Id.*  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  In seeking interlocutory appeal, a movant must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

### 1. Controlling Questions of Law

A controlling question of law "is not necessarily one that is dispositive of the litigation." *Spread Your Wings, LLC v. AMZ Grp. LLC*, No. 20-CV-03336-VKD, 2020 WL 7122513, at *2 (N.D. Cal. Dec. 4, 2020). "'Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Id.* (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)). "Examples of such 'controlling' questions include 'fundamental' issues concerning 'the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied.'" *Id.* (quoting *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)). "Issues that are collateral to the merits of an action may be the proper subject of a § 1292(b) appeal, *see In re Cement Antitrust Litig.*, 673 F.2d at 1027 n.5, and 'an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter,' *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996)." *Id.* "The controlling question of law in an interlocutory appeal generally is a purely legal one that can be resolved quickly without delving into a particular case's facts." *Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993)).

The Court concludes that the issues identified by Defendants are controlling questions of law. While it is true that Relator's claims could escape the public disclosure bar if he is found to have been an "original source" – an issue the Court did not address – the legal questions the Court decided with respect to whether the disclosures were made via a permissible channel could nonetheless materially affect the outcome of the litigation. Likewise, the Court's conclusions that the disclosures in this case fell outside the ambit of the public disclosure bar, if reversed on appeal, would cause needless expense and delay litigating a case where Relator's claims are barred if an immediate appeal is not permitted. Therefore, the Court finds that this requirement is satisfied.

### 2. Ground for Difference of Opinion

"A substantial ground for difference of opinion exists where reasonable jurists might disagree

on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation omitted). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Id.* "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). Here, the undersigned has addressed difficult questions of first impression with respect to the significance of recent amendments to the FCA, and it has reached different conclusions from another judge of this Court who, in *Valeant*, addressed similar claims. The undersigned has no difficulty in concluding that there is ground for difference of opinion as to the holdings in its December 11, 2020 Order.

### 3. Advancement of Termination of Litigation

"Courts within the Ninth Circuit have held that resolution of a question materially advances the termination of litigation if it 'facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense.'" *United States ex rel. Atlas Copco Compressors LLC v. Rwt LLC*, No. CV 16-00215 ACK-KJM, 2017 WL 2986586, at *11 (D. Haw. July 13, 2017) (quoting *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)). "'Courts apply pragmatic considerations to determine whether certifying non-final orders will materially advance the ultimate termination of the litigation.'" *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. CV 17-1694 PSG (SSX), 2019 WL 6973547, at *4 (C.D. Cal. Oct. 8, 2019) (quoting *Beeman v. Anthem Prescription Mgmt., Inc.*, No. EDCV 04-407-VAP (SGLx), 2007 WL 8433884, at *2 (C.D. Cal. Aug. 2, 2007)). Here, the Court

4

1  finds that the cost of discovery in this case will impose a heavy burden on the parties and the
2  Court and that the Ninth Circuit's rulings on Defendants' appeal of the December 11, 2020 Order
3  could result in a significant reduction of that burden or even eliminate it altogether. *See id.*
4  Therefore, the Court concludes that this requirement is satisfied.

5  In sum, the Court finds that Defendants have demonstrated that "exceptional
6  circumstances" warrant an immediate appeal and that the requirements of 28 U.S.C. § 1292(b)
7  have been met.

**B.  Stay**

9  A petition for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)
10  "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or
11  a judge thereof shall so order." In determining whether a stay is warranted, the district court
12  should consider: 1) whether the stay applicant has made a "strong showing" that it is likely to
13  succeed on the merits; 2) whether the applicant will be irreparably injured without a stay; 3)
14  whether the stay will substantially injure the other parties in the proceedings; and 4) whether a stay
15  is in the public interest. *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). Courts apply
16  these factors flexibly, taking a "sliding scale approach" akin to the approach taken with respect to
17  preliminary injunctions. *Id.* at 965. Here, the Court concludes that these factors, on balance,
18  support entry of a stay.

19  The Ninth Circuit has explained that the first factor, a "strong showing" on the merits, does
20  not require that a party seeking a stay must demonstrate that it is more likely than not to prevail on
21  its appeal. *Leiva-Perez*, 640 F.3d at 968. Instead, so long as other factors support a stay, it is
22  enough that there are "serious questions going to the merits." *Id.* For the reasons discussed
23  above in connection with the request to certify the December 11, 2020 Order, the Court concludes
24  that Defendants have demonstrated the existence of such serious questions. Further, the Court
25  concludes that the remaining factors support a stay.

26  The second and third factors, which address the relative harms to the parties of entering a
27  stay as opposed to allowing the case to move forward in the trial court, favor a stay because going
28  forward in the trial court will result in burdensome and expensive discovery and this cost may be

needless, depending on the Ninth Circuit's decision on appeal. This burden outweighs the countervailing burden on Relator caused by the delay associated with an immediate appeal. The Court also finds that it is in the public interest to stay the case while it is on appeal because doing so is likely to save judicial resources. *See Integra*, 2019 WL 6973547, at *8.

## III. CONCLUSION

The Motion is GRANTED. The Court certifies its December 11, 2020 Order for immediate appeal. Defendants may petition the United States Court of Appeals for the Ninth Circuit within ten days of entry of this order to permit an appeal to be taken. The Court exercises its discretion under 28 U.S.C. § 1292(b) to stay this case pending the Ninth Circuit's resolution of Defendants' petition to permit an appeal and any appeal that the Ninth Circuit agrees to consider. The Further Case Management Conference scheduled for **February 5, 2021** is continued to **June 4, 2021 at 2:00 p.m.** The parties' joint Case Management Conference statement shall be filed by **May 28, 2021.**

**IT IS SO ORDERED.**

Dated: January 28, 2021

JOSEPH C. SPERO
Chief Magistrate Judge