Nicomedes Sy Herrera (State Bar No. 275332)
Shawn M. Kennedy (SBN 218472)
Bret D. Hembd (SBN 272826)
Laura E. Seidl (State Bar No. 269891)
**HERRERA KENNEDY LLP**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
Facsimile:  (855) 969-2050
Email: NHerrera@HerreraKennedy.com
         SKennedy@ HerreraKennedy.com
         BHembd@ HerreraKennedy.com
         LSeidl@ HerreraKennedy.com

*Attorneys for Plaintiff-Relator Zachary Silbersher*

[Additional Counsel on the Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA, <br><br> *ex rel.* ZACHARY SILBERSHER, <br><br>          Plaintiffs, <br><br>     v. <br><br> ALLERGAN PLC, ALLERGAN, INC., ALLERGAN USA, INC., ALLERGAN SALES, LLC, FOREST LABORATORIES HOLDINGS, LTD., ADAMAS PHARMA, AND ADAMAS PHARMACEUTICALS, INC., <br><br>          Defendants. | Case No.: 3:18-cv-03018-JCS <br><br> **PLAINTIFF-RELATOR ZACHARY SILBERSHER'S MOTION FOR INDICATIVE RULING FOR POST JUDGMENT RELIEF PURSUANT TO FRCP 60 AND 62.1** <br><br> Hon. Joseph C. Spero <br><br> Courtroom D, 15th Floor <br> Phillip Burton Federal Building <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 <br><br> Hearing Date: April 12, 2024 <br> at 9:30 a.m. (ECF No. 181) <br><br> Action Filed: April 25, 2018 |

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................................... 1

ISSUES TO BE DECIDED ....................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES.......................................................... 2

ARGUMENT .............................................................................................................................. 7

    I.    *Valeant* is On Point Intervening Authority That Justifies an Indicative Ruling...................... 7

        A.    *Valeant* Clarifies that the Public Disclosure Bar Has Not Been Triggered ............................. 7

        B.    An Indicative Ruling is Particularly Appropriate to Ensure that a Controlling Rule Can Be Applied and Determined on the Merits ................................................................... 13

        C.    *Valeant*'s Reasoning Also Confirms that Relator is an Original Source .............................. 15

CONCLUSION......................................................................................................................... 17

# TABLE OF AUTHORITIES

**CASES**

*Elec. Frontier Found. v. Off. of Dir. of Nat. Intel.*, 2009 WL 773340 (N.D. Cal. Mar. 23, 2009) .......... 14

*Eubank v. Terminix Int'l, Inc.*, No. 15-cv-00145-WQH (JMA), 2016 WL 6277422 (S.D. Cal. Oct. 27, 2016) ........................................................................................................................... 2, 10, 11, 13

*Ginzburg v. Martinez-Davila*, 2021 WL 4352377 (C.D. Cal. Aug. 12, 2021) ......................................... 14

*Keating v. Off. of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) ........................................................ 15

*Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) ......................................................................... passim

*Self v. Ryan*, 686 Fed. Appx. 396 (9th Cir. 2017) ........................................................................ 2, 7, 11

*United States v. Allergan, Inc.*, 46 F.4th 991 (9th Cir. 2022) .................................................................. 4

United States v. Janssen Biotech, Inc., 2022 WL 225475 (D.N.J. Jan. 26, 2022) ................................... 15

*United States v. Janssen Biotech, Inc.*, 576 F. Supp. 3d 212 (D.N.J. 2021) ............................................ 15

*United States v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154 (9th Cir. Jan. 5, 2024) ......................... passim

**FEDERAL STATUTES**

31 U.S.C. § 3730(e)(4)(A) ................................................................................................................. 4, 15

**RULES**

Fed. R. App. P. 35(a)(1) .......................................................................................................................... 14

Fed. R. Civ. P. 62.1 ................................................................................................................... 1, 3, 10, 17


# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on Friday, April 12, 2024, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero, in Courtroom D, 15th Floor, of the United States District Court for the Northern District of California in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff-Relator will move the Court for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 stating that it would either "grant Relator's motion" for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), if the court of appeals remands for that purpose, or that Relator's "motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the papers on file in this case; oral argument that may be heard by the Court; and any other matters that the Court deems appropriate.

## ISSUES TO BE DECIDED

1. Should the Court, if it had jurisdiction, grant Relator relief from its March 20, 2023 Judgment dismissing this action (ECF No. 198) pursuant to Fed. R. Civ. P. 60(b)(6), because of the Ninth Circuit's on-point decision in *United States ex rel. Silbersher v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154 (9th Cir. Jan. 5, 2024)[1], which overruled the legal premises underpinning this Court's March 20, 2013 decision and order (ECF No. 197) (also available at 2023 WL 2593777)?

Under the six factors enumerated by the Ninth Circuit in *Phelps v. Alameida*, 569 F.3d 1120, 1135-39, (9th Cir. 2009), relief from the Judgment would be appropriate if the Court had jurisdiction.

2. Should the Court grant an indicative ruling that it would either grant Relator's Fed. R. Civ. P. 60(b)(6) motion if the case is remanded, or that the motion otherwise raises a "substantial issue" that the Court should consider?

Under Fed. R. Civ. P. 62.1(a)(3), the Court should grant an indicative ruling.

---

[1] This decision amended and superseded on denial of rehearing *en banc* the panel's prior opinion, 76 F. 4th 843 (9th Cir. Aug. 3, 2023).

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction and Summary of Argument**

When an intervening appellate decision undermines the legal basis upon which a judgment issued, a district court should grant relief from the judgment under Fed. R. Civ. P. 60(b)(6) if the following non-exclusive factors support relief: (1) whether the intervening appellate decision overturned "settled" law[2]; (2) the petitioner's exercise of diligence in pursuing relief; (3) whether reopening the case would upset "the parties' reliance interest in the finality" of the judgment; (4) the extent of "the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief"; (5) the relative "closeness of the relationship" between the original judgment and the subsequent appellate decision; and (6) comity. *Phelps v. Alameida*, 569 F.3d 1120, 1135-39 (9th Cir. 2009); *Eubank v. Terminix Int'l, Inc.*, No. 15-cv-00145-WQH (JMA), 2016 WL 6277422, at *3 (S.D. Cal. Oct. 27, 2016).

This Court exercises its discretion in determining whether Rule 60(b)(6) relief is appropriate, and may grant relief even if less than a majority of the *Phelps* factors favor the movant. *Cf. Self v. Ryan*, 686 Fed. Appx. 396, 397 (9th Cir. 2017) (vacating district court's refusal to grant Rule 60(b)(6) relief and remanding to the district court when, once the district court's "mistake is corrected, the balance is three factors in favor of reopening and the remaining three against reopening.").

If an appeal were not currently pending, relief under Rule 60(b)(6) would be proper because *all six* factors weigh in Relator's favor: (1) *Valeant* clarified an "unsettled" area of law presenting issues of first impression; (2) Relator is seeking relief promptly, and even prior to the issuance of a mandate for the intervening appellate decision; (3) there is no "reliance interest in the finality" of the judgment, because this case is still pending on appeal; (4) there has been a minimal lag between the finality of the judgment and the Rule 60(b)(6) motion; (5) *Valeant*'s holding is directly on point, was issued by the same Court of Appeals before which this case is currently pending, and is based on materially

---

[2] Where, as here, an intervening decision clarifies previously *unsettled* law—such as the application of law to circumstances of first impression—the first factor weighs in favor of Rule 60(b)(6) relief. *Phelps v. Alameida*, 569 F.3d 1120, 1136 (9th Cir. 2009).

- 2 -

1   indistinguishable facts, substantially similar claims brought by the same relator, and identical theories
2   of liability; and (6) there is no comity issue.

3   Where, as here, the case is pending before the Court of Appeals—and this Court therefore
4   lacks jurisdiction to grant relief under Rule 60(b)(6) outright—this Court may issue an indicative
5   ruling under Fed. R. Civ. P. 62.1(a)(3), which provides that if a "timely motion is made for relief that
6   the court lacks authority to grant because of an appeal that has been docketed and is pending, the court
7   may . . . state either that it would grant the motion if the court of appeals remands for that purpose or
8   that the motion raises a substantial issue."

9   This Court should issue an indicative ruling that, if the case were remanded, it would grant
10  Relator Rule 60(b)(6) relief from the Court's Judgment entered March 20, 2023 (ECF No. 198) based
11  on *Valeant*. Alternatively, this Court at the very least should issue an indicative ruling that Relator's
12  motion for post judgment relief "raises a substantial issue" that the Court will decide on remand based
13  on *Valeant*'s guidance.

14  There are three reasons why the Court should issue an indicative ruling instead of having the
15  Court of Appeals determine in the first instance the public disclosure and original source issues in light
16  of *Valeant*.

17  First, *Valeant* determined, based on indistinguishable facts, that piecemeal disclosures scattered
18  throughout patent prosecution documents are not "substantially the same" as Relator's fraud
19  allegations so as to trigger the public disclosure bar under the False Claims Act ("FCA"), 31 U.S.C.
20  § 3730(e)(4)(a), even if the patent documents reveal *both* the false statements by defendants *and* the
21  true state of affairs. The application of *Valeant* to this case would be decisive and result in this case
22  proceeding to the merits. In the interests of justice, the Court should grant Relator's motion, because
23  every single one of the *Phelps* factors weighs in favor of post-judgment relief.

24  Second, the Court should determine whether the public disclosure bar has been triggered by
25  "substantially the same" allegations or transactions in the first instance, because the Court's prior
26  decision granting Defendants' renewed motions to dismiss did not grapple with this issue, and the
27  Court did not have the benefit of the Ninth Circuit's intervening decision in *Valeant* when it ruled. It is
28

- 3 -

well-settled that district courts should decide issues in the first instance—and this case is no exception, because if this Court decides the issue in Relator's favor, it will obviate the need for the Ninth Circuit to adjudicate multiple issues pending on appeal. This Court should therefore, in the interests of justice, provide an indicative ruling so that this outcome-determinative issue can be reviewed and correctly decided based on controlling law, as clarified by *Valeant*.

Third, and independently, *Valeant's* reasoning implicitly confirms that Relator is an "original source" under 31 U.S.C. § 3730(e)(4)(B). *Valeant* teaches that Relator's contributions are different from, and materially add to, any prior public disclosures. No Court of Appeals decision has ever addressed the "original source" issue under circumstances like this case, and this Court has acknowledged there "is no binding authority" that provides definitive guidance on this question. (ECF No. 197, at 18) Accordingly, this Court should reconsider the original source question in light of *Valeant*.

**Procedural History and Relevant Allegations**

The First Amended Complaint (ECF No. 12) ("Complaint") alleges that Defendants[3] committed fraud to cause the United States and Plaintiff States to pay much more for the drugs Namenda XR (memantine) and Namzaric (memantine and donepezil) than they would otherwise have paid. Specifically, Defendants misled the Patent Office into issuing invalid patents protecting those drugs, which they used to exclude generic competitors, thereby inflating the price of the medicine.

On December 12, 2020, this Court held that Relator adequately pleaded viable FCA claims on the merits, and that the statute's public disclosure bar found in 31 U.S.C. § 3730(e)(4)(A) did not apply. *Silbersher v. Allergan Inc.*, 506 F. Supp.3d 772 (N.D. Cal. 2020).

The Ninth Circuit reversed on the public disclosure issue, but it did not disturb this Court's holding on the merits. *United States v. Allergan, Inc.*, 46 F.4th 991 (9th Cir. 2022). The Ninth Circuit held that although the public disclosure bar has been triggered, Relator nevertheless may maintain this *qui tam* if he is an "original source" under § 3730(e)(4)(A), (B).

---

[3] Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC, and Forest Laboratories Holdings, Ltd. (collectively, "Allergan"); and Adamas Pharma and Adamas Pharmaceuticals, Inc. (together, "Adamas") (Allergan and Adamas together, "Defendants").

Defendants renewed their motions to dismiss (ECF Nos. 186 & 187), arguing that Relator is not an "original source." On March 20, 2023, this Court granted Defendants' renewed motions. (ECF No. 197) This Court entered Judgment on the same day. (ECF No. 198)

In granting Defendants' renewed motions to dismiss, this Court noted the six categories of information that Relator provided to the government, and which Relator claims were not disclosed in any statutory channel and therefore qualify him to be an "original source" under 31 U.S.C. § 3730(e)(4)(B):

(1) The 2010 Went Declaration was false and misleading, and the true results undermined Defendants' representations of novelty;

(2) A prior art patent (referred to in the Complaint as the '553 Patent) became newly relevant and therefore material only after the application for a fraudulent patent (referred to as the '009 Patent) was amended, so that Defendants' failure to disclose that information after amending the application was misleading and violated Defendants' duty of candor and good faith;

(3) The '553 Patent was prior art based on plaintiff's calculation of the priority date of the '009 Patent;

(4) Defendants' misstatements were intentional;

(5) A separate group of fraudulent patents (referred to as the Went Patents) and the '009 Patent were the key patents preventing sixteen potential generic competitors from entering the market, based on plaintiff's analysis of all of the patents in the thicket; and

(6) Defendants' false and misleading statements identified in the Complaint tainted the critical portions of each of the Went Patents and the '009 Patent that were actually effective in preventing generic entry.

(ECF No. 197, at 13-14)

Nevertheless, this Court held that the foregoing information "amount[ed] to conclusions [Relator] drew from analyzing the prosecution history using his specialized expertise" and therefore "do not change the Court's conclusion that the public patent files disclosed the transactions that Relator alleges were fraudulent." (ECF No. 197, at 15) This Court also noted that Relator "conceded at the hearing on the previous motion to dismiss that the patent files contain 'the relevant information from which the inference of fraud could be drawn.'" *Ibid*.

With respect to plaintiff's original source qualification, this Court held that, under precedents interpreting the pre-amendment public disclosure bar, it is not enough for a relator to apply experience or training to facts that were publicly disclosed. *Id.*, at 17-18. This Court then concluded that the same is true under the current statute. Specifically, this Court held that specialized expertise does not qualify as "'independent' knowledge under the 'original source' exception," because the court believed that the word "independent" requires the relator to have "had relevant evidence of fraud prior to the public disclosure of the allegations." *Id.*, at 17 (quotation marks omitted). The Court also doubted that "knowledge" could constitute expertise. *See ibid.*

Subsequently, the Ninth Circuit decided *Valeant*, another FCA case brought by the same relator alleging patent fraud against different pharmaceutical manufacturers. In *Valeant*, like here, the defendants pointed to two conflicting representations in different patent prosecution files, saying that one file disclosed the misrepresented state of affairs, and the other disclosed the true state of affairs, and that by putting both together, one could infer fraud. The Ninth Circuit rejected that, clarifying that although the "scattered qualifying public disclosures" in the patent filings and other sources may have each contained "a piece of the puzzle," because they failed to "present the full picture of fraud," the prior allegations were not "substantially the same" as those contained in Silbersher's complaint. *Valeant*, 89 F.4th at 1168. This is because Silbersher "filled the gaps by stitching together the material elements of the allegedly fraudulent scheme." *Ibid*.

The facts of *Valeant* are strikingly similar to this case. There, the defendants made conflicting statements in two separate patent filings. The defendants argued that you could mash together the two inconsistent filings (if you knew where to look), and the inconsistencies, and therefore fraud, would be evident. The Ninth Circuit squarely rejected that reasoning, saying that "Silbersher's *qui tam* allegations provide a critical fact necessary for scienter: [defendants] Falk and Valeant took conflicting positions in their patent prosecutions of the '344 and '688 Patents. Neither of these patent prosecutions, or any other disclosure, reveals that fact." 89 F.4th at 1168. In other words, even if the conflicting patent filings contradicted each other, no source revealed that contradiction—instead, Silbersher provided that key element in his complaint by identifying the contradiction and explaining

its materiality. That's exactly what happened here. Under the Ninth Circuit's holding and reasoning, Silbersher may proceed in this case because the public disclosure bar has not triggered by "substantially the same" disclosures. But even assuming, for the sake of argument, that the public disclosure bar has been triggered, Silbersher's provision of "a critical fact necessary for scienter" in his complaint also qualifies him to be an "original source" *a fortiori.*

## ARGUMENT

### I. *Valeant* is On Point Intervening Authority That Justifies an Indicative Ruling

Under Fed. R. Civ. P. 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Where, as here, there is an intervening and controlling appellate decision that undermines the legal basis upon which a judgment issued, a district court should grant relief from the judgment under Fed. R. Civ. P. 60(b)(6) if, in the Court's sound discretion, relief is justified based on consideration of the six non-exclusive factors for determining whether "extraordinary circumstances" exist to justify the reopening of a final judgment under *Phelps v. Alameida*, 569 F.3d at 1135-39. The court may, in the exercise of its discretion, grant relief even if less than a majority of the *Phelps* factors favor relief. *Cf. Self*, 686 Fed. Appx. at 397. In exercising its sound discretion, a court should eschew rigidity, because Rule 60(b)(6) represents "a grand reservoir of equitable power" affording courts "the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps*, 569 F.3d at 1135 (cleaned up).

#### A. *Valeant* Clarifies that the Public Disclosure Bar Has Not Been Triggered

The public disclosure bar does not apply to all information in the public domain. Instead, it applies only if "substantially the same allegations or transactions as alleged in the" complaint, i.e., the fraud, were publicly disclosed in one of the channels specified in the statute. 31 U.S.C. § 3730(e)(4)(A). In the prior appeal in this case, the panel held that information disclosed on patent prosecution dockets can qualify as a public disclosure. *Allergan,* 46 F.4th at 998 (also available at ECF No. 169, at 16). On remand, this Court held that this information disclosed substantially the same

- 7 -

1  transactions as plaintiff's complaint. (ECF No. 197, at 15) That conclusion is no longer correct, as
2  clarified by the Ninth Circuit's subsequent decision in *Valeant*.

3    In *Valeant*, Silbersher alleged that the manufacturer of the ulcerative colitis drug Apriso was
4  about to lose its patent protection because a group of patents protecting the drug (called the Otterbeck
5  Patents) were weak and facing challenges. 89 F.4th at 1161. The manufacturer "sought to extend its
6  monopoly by applying for a new patent, claiming it had recently discovered that Apriso was effective
7  when taken without food." *Ibid*. However, a pair of scientific studies had previously reported that
8  Apriso's active ingredient, mesalamine, was effective when taken without food. Plaintiff also found a
9  previous patent application where the defendant claimed to have made the unexpected finding that
10 taking a drug that defendant claimed was in the same class as Apriso with food made the drug more
11 effective. "In other words, the [earlier] application claimed it was *obvious* that mesalamine was
12 effective without food—the exact opposite of what Valeant would claim a few years later" in a
13 different patent application. *Id.* at 1162 (emphasis in original).

14   The defendants in *Valeant* argued that the public disclosure bar applied, and the district court
15 agreed. The Ninth Circuit reversed. The court explained that even before the statute was amended in
16 2010 to require public disclosures to be "substantially the same" as the relator's allegations, the court
17 had interpreted the public disclosure bar to require public disclosures to be "substantially similar to"
18 the relator's allegations. *Valeant*, 89 F.4th at 1167. The court acknowledged the prior panel's decision
19 in this case holding that information disclosed in patent prosecution dockets falls within the public
20 disclosure bar's enumerated channels. See *id.* at 165. But it held that no public disclosure had occurred
21 because the information disclosed in the patent prosecutions files of two separate applications (which
22 included contradictory representations by the defendant) was not substantially the same as plaintiff's
23 allegations. *See id.* at 1167-68.

24   *Valeant* recognized that no direct allegation of fraud had been publicly disclosed, and so the
25 question was whether the fraudulent transactions had been disclosed. *Valeant*, 89 F.4th at 1167. The
26 court explained that under the court's precedents, the disclosure of a fraudulent transaction requires the
27 disclosure of both a misrepresented state of affairs and the true state of affairs, in a manner that reveals
28

- 8 -

the material elements of the alleged fraud. This test is often expressed algebraically as X+Y=Z, where X is the misrepresented state of affairs; Y is the true state; and Z is an inference of fraud. See *ibid*.

Before *Valeant*, it was unclear how the X+Y=Z test would apply in these circumstances. This Court clarified the law by applying that test to the relevant disclosures—including patent prosecution histories, a Law360 article discussing the invalidation of Valeant's patent, and scientific studies—and holding that even when "scattered qualifying public disclosures" each disclose "a piece of the puzzle," there is no qualifying public disclosure when a relator's complaint is able to "present the full picture of fraud" by "stitching together the material elements of the allegedly fraudulent scheme." *Valeant*, 89 F.4th at 1168. Thus, "Silbersher's qui tam allegations provide a critical fact necessary for scienter: [the defendants] took conflicting positions in their patent prosecutions." *Ibid*. With respect to a Law360 article reporting the finding that the defendant's patent was invalid, the Court concluded that although the article revealed that the patent was invalid, it did "not disclose—nor even imply—that Valeant knowingly withheld information when applying for the" patent. *Ibid*. Similarly, although the scientific studies "reinforce[d] that Valeant understood the obviousness of Apriso's food-free effectiveness," they did not "say anything about Valeant's application for the" patent. *Ibid*. And, the court concluded, "none of the qualifying disclosures . . . makes any mention of the Otterbeck Patents, much less disclose anything about the validity of these patents." *Ibid*. In sum, "no public disclosure here, individually or in combination, establishes facts from which fraud could be inferred. It is the combination of disclosures and conduct alleged in Silbersher's complaint that bring together the constituent elements of fraud." *Id.*, at 1169.

The same logic compels the same result here. Relator's specialized knowledge allowed him to allege the following six categories of facts enumerated above at p. 5, *supra* (and listed by the Court in ECF No. 197, at 13-14), which were not in the public sources, and which a lay person could not have alleged. Thus, the public disclosure bar was not triggered because the prior disclosures in the patent prosecution files were not "substantially the same" as the allegations and transactions alleged in the Complaint. *Valeant*, 76 F.4th at 855-7; 31 U.S.C. § 3730(e)(4)(A).

- 9 -

1    The decision in *Valeant* constitutes intervening and controlling authority that was not available
2    when the motion to dismiss was litigated, nor when the district court determined that the public
3    disclosures in this case were substantially the same as plaintiff's allegations. This Court should
4    provide an indicative ruling that, in light of *Valeant,* the Court would deny defendants' renewed
5    motions to discuss because the public disclosure bar has not been triggered by "substantially the same"
6    allegations or transactions previously contained in enumerated channels under the statute, or at the
7    very least, that the intervening decision in *Valeant* "raises a substantial issue." Fed. R. Civ. P. 62.1.

8    Based on the foregoing, all six of the *Phelps* factors favor relief under Fed. R. Civ. P. 60(b)(6).
9    *See* 569 F.3d at 1135-39.

10   (1) *Valeant* clarified an "unsettled" area of law presenting issues of first impression that is
11   directly controlling and outcome-determinative to this case. *See* pp. 6-9, *supra*. Indeed, both this Court
12   and the Ninth Circuit have noted that the public disclosure and original source questions here present
13   complicated issues of first impression, and that prior to *Allergan* and now *Valeant,* there was no
14   "binding authority" answering them. *See, e.g.*, ECF No. 197, at 10 & 18; *Allergan*, 46 F.4th, at 996
15   (also available at ECF No. 169, at 11). As *Phelps* and its progeny have confirmed, an intervening
16   appellate authority that clarifies a previously unsettled, potentially outcome determinative question,
17   weighs in favor of granting Rule 60(b)(6) relief. *See Phelps*, 569 F.3d at 1136.

18   (2) Relator is seeking relief diligently and promptly. Rule 60 provides that a motion under Rule
19   60(b)(6) must be made "within a reasonable time." Here, the opinion in *Valeant* only issued in
20   January, and Relator is seeking relief before the mandate in *Valeant* has even issued, and while this
21   case is live on appeal. There is therefore no question that Relator is seeking relief with utmost
22   diligence and alacrity, when there is no possible prejudice whatsoever to Defendants. *See, e.g.*, *Phelps*,
23   569 F.3d at 1137 (Rule 60 motion filed four months after intervening authority became *final*
24   demonstrated a "sterling example of diligence"); *see also* 569 F.3d at 1138 (citing with approval *Ritter*
25   *v. Smith,* 811 F.2d 1398, 1402 (11th Cir. 1987), describing a nine-month delay between the original
26   judgment and a motion for reconsideration as "only a very brief delay" weighing "strongly" in favor of
27   movant); *Eubank*, 2016 WL 6277422, at *5 (mere nine-month delay between intervening decision
28

concerning class action waivers and the filing of a Rule 60(b) motion for relief from judgment dismissing the class action claims "weighs in favor of granting" relief).

(3) There is no "reliance interest in the finality" of the judgment, because this case is still pending on appeal, and the matter has not even been fully briefed. *See United States ex. rel. Silbersher v. Allergan, Inc.,* No. 23-15613 (9th Cir.), ECF No. 15. The lack of any reliance by, or prejudice to, Defendants in the finality of the Judgment weighs in favor of granting Rule 60(b)(6) relief. In *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 450 (9th Cir. 2019), for example, the Ninth Circuit reversed the district court's denial of the plaintiff's Rule 60(b) motion in part because the district court overvalued the defendant's interest in the finality of the challenged judgment. The court held that the defendant had not changed its "legal position in reliance on" the challenged judgment. *Id.* Instead, "the parties would simply pick up where they left off." *Ibid.*, quoting *Phelps,* 569 F.3d at 1138; *Self*, 686 Fed. Appx. 396, at 397 (reversing district court's denial of Rule 60(b)(6) motion because the party opposing had not "undergone any change in legal position" due to the challenged judgment, and "there are no 'past effects' of the judgment that would be disturbed if the case were reopened for consideration" on the merits; such a lack of reliance on the finality of judgment weighed in favor of granting a Rule 60(b)(6) motion); *see also Eubank*, 2016 WL 6277422, at *5 (when certain class action claims were dismissed based on arbitration clause, but the claims were pending in arbitration that was still in the early stages, the lack of any substantial interest in the finality of the prior judgment weighed in favor of Rule 60(b)(6) relief).

(4) There has been no delay between the finality of the judgment and this motion. In assessing any potential delay, the courts count from finality of the judgment being challenged *after appeal,* and not when the challenged judgment was entered in the district court. *See Phelps,* 569 F.3d at 1138, n. 21; *Henson*, 943 F.3d at 452 (Rule 60(b) motion was filed 3.5 years after the challenged dismissal, but such judgment "never truly became final on appeal," so this factor weighed in favor of the movant). Additionally, Rule 60(c) does not specify a specific time period in which a motion for relief under Rule 60(b)(6) must be made—and requires only that it be done "within a reasonable time." Moreover, the only specific time limitation imposed by Rule 60 is an *additional* limitation for motions based on

- 11 -

1  the specific grounds specified in Rule 60(b)(1)-(3) not applicable here (*e.g.*, mistake, newly discovered
2  evidence, or fraud). That additional time limitation requires motions based on the foregoing reasons to
3  be filed "no more than a year after the entry of the judgment . . ." Here, the Court's Judgment was
4  entered on March 20, 2023. This motion is being filed less than a year after that date.

5      (5) There is an extremely close connection between *Valeant* and this case. *Valeant*'s holding is
6  directly on point and outcome determinative in favor of having this important case decided on the
7  merits, as opposed to a procedural technicality.[4] *Valeant* was decided on facts that are materially
8  indistinguishable from this one (*i.e.*, involving conflicting representations in separate patent
9  applications). The claims and legal theories of liability in *Valeant* are also identical to this case.
10 Moreover, *Valeant* was filed by Relator in the same court near the same time as this case. Indeed, in
11 the parties' initial Joint Case Management Statement, Defendants jointly listed *Valeant* as a "Related
12 Case" under Paragraph 10, noting that although these cases are "not strictly speaking" related under
13 L.R. 3-12 so as to justify assignment to the same judge, *Valeant* nevertheless is so closely connected
14 with this case as to justify its listing in the "Related Cases" section. (ECF No. 109, at 14, ¶ 10) And in
15 Defendants' motions to dismiss, both the Allergan and the Adamas defendants emphasized *Valeant*'s
16 connection and similarity to this case. (Allergan MTD, ECF No. 63, at 4; Adamas MTD, ECF No. 68,
17 at 1) Thereafter, after briefing, both sets of Defendants provided supplemental authority concerning
18 developments in *Valeant*. (ECF Nos. 124, 129, and 131) Thus, Defendants have correctly
19 demonstrated their agreement that *Valeant* shares a very close connection with this case. In *Henson,*
20 for example, the Ninth Circuit specified that the closeness of the connection between the original
21 judgment and the intervening authority looks primarily to how directly on-point the legal issue
22 clarified by the intervening authority is to the challenged judgment, and not necessarily to whether the
23 parties are identical, or whether the cases arose from the same transaction. *Henson*, 943 F.3d at 452
24 ("there is a close connection between the original judgment" and the intervening authority, because
25 dismissal being challenged "was explicitly predicated on the law" that the intervening authority

---

[4] The *Phelps* court implied that relief from a judgment that "prevent[s] the court from ever *reaching* the merits" of a petition (as opposed to a judgment based on the merits) may also be a consideration weighing in favor a Rule 60(b)(6) relief. *Cf. Phelps,* 569 F.3d at 1139.

changed). *See Phelps*, 569 F.3d at 1139; *see also Ritter,* 811 F.2d at 1403 (noting that when an intervening authority concerns the "exact same statute" such that the authority is "directly on point" as a "virtual legal twin," a sufficiently close relationship exists that "carries great weight" in favor of providing relief from judgment); *Eubank*, 2016 WL 6277422, at *6 (when intervening authority was directly on point, it was "closely related" such that the fifth *Phelps* factor "weigh[ed] heavily in favor of granting Plaintiff relief"). This factor therefore weighs in favor of Relator.

(6) There is no comity concern whatsoever, because this case does not involve potentially contradictory state court decisions. This weighs in favor of granting Rule 60(b)(6) relief. *See Eubank*, 2016 WL 6277422, at *6 (when there was no conflict between "independently sovereign state and federal judiciaries" and the "erroneous legal judgment" if left uncorrected would "prevent the true merits" of the petitioner's claim from being heard, the sixth *Phelps* factor weighs in favor of granting relief).

### B. An Indicative Ruling is Particularly Appropriate to Ensure that a Controlling Rule Can Be Applied and Determined on the Merits

As this Court has noted, plaintiff's counsel conceded at oral argument in 2019 that the patent prosecution files contained "the relevant information from which the inference of fraud [on the USPTO] could be drawn." (ECF No. 197, at 15) Based on this concession, the Ninth Circuit previously found, prior to *Valeant*, that the "substantially the same" argument to have been waived, and therefore did not reach the issue. *Allergan*, 46 F.4th at 996, n.6 (also available at ECF No. 169, at 12).

Relator's prior concession should not prevent this Court from now applying the correct legal rule. To be clear, Relator has always taken the position that the public disclosure bar does not apply to him because he was only able to infer knowing fraud in this case by applying his specialized knowledge; an ordinary member of the public could not have drawn the same inferences. Relator advanced that argument under the rubric of the original source exception, but *Valeant* makes it clear that the argument applies equally to the "substantially the same" inquiry. Specifically, *Valeant* recognized that when the public disclosure bar is not triggered when "scattered qualifying public disclosures may each contain a piece of the puzzle" but "fail to present the full picture of fraud," such

- 13 -

that "Silbersher filled the gaps by stitching together the material elements of the allegedly fraudulent scheme." 89 F.4th at 1168. In more detail, the Ninth Circuit was persuaded that the public disclosure bar was not triggered when Silbersher provided "a critical fact necessary for scienter," *i.e.*, that the defendants "took conflicting positions in their patent prosecutions," which was not revealed in any public disclosure. *Ibid*. That is the same sort of gap-filling Silbersher performed in this case.

Accordingly, even in light of plaintiff's concession, this Court should in the interests of justice consider this issue after *Valeant*. This is particularly important in this case because of the possibility that the Ninth Circuit may now decline to reach this issue on appeal absent an indicative ruling by this Court, despite the fact that *Valeant* would otherwise allow Relator to have his claims determined on their merits. The courts construing Rule 60(b) have recognized that the "main application of Rule 60(b) is to those cases in which the true merits of a case might never be considered," and that the appellate courts "have reversed where the denial of relief precludes examination of the full merits of the cause, explaining that in such instances even a slight abuse may justify reversal." *Phelps*, 569 F.3d at 1140. Indeed, the Ninth Circuit's reversal of the district court's denial of the plaintiff's Rule 60(b) motion in *Henson* focused on the injustice of allowing the challenged judgment to stay, which would have had the effect of denying the civil class action plaintiffs "any opportunity to have their previously remanded appeals heard on the merits." *Henson*, 943 F.3d at 454. That would be true here too, if the Court denies Relator's request for an indicative ruling.

Applying the correct controlling rule is particularly important in this case. First, *Valeant* is on point: It involves one of the same parties bringing a similar claim. It would be anomalous and promote confusion if this Court permitted such factually similar cases to reach different outcomes. *Cf.* Fed. R. App. P. 35(a)(1) (identifying the need "to maintain uniformity of the court's decisions" as important); *Ginzburg v. Martinez-Davila*, 2021 WL 4352377, at *1 (C.D. Cal. Aug. 12, 2021) (listing "ensuring uniform treatment of common questions of law and fact, and avoiding inconsistent rulings" as among the "interests of justice" courts consider in the transfer context); *Elec. Frontier Found. v. Off. of Dir. of Nat. Intel.*, 2009 WL 773340, at *4 (N.D. Cal. Mar. 23, 2009) (holding that "uniform treatment of similar cases" is an "interest of justice" favoring stays).

1       Second, in another case Relator has brought, the district court concluded that the public
2  disclosure bar was not triggered—and so applying *Valeant* here would promote uniformity across
3  circuits, too. *See United States v. Janssen Biotech, Inc.*, 576 F. Supp. 3d 212, 227 (D.N.J. 2021).
4       Third, the interests of justice favor adjudicating this argument because Relator seeks to
5  vindicate not only his own interests, but also those of the Government, taxpayers, and beneficiaries.
6  *Cf. Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (holding, in the stay
7  context, that the "interests of justice" include "the efficient use of judicial resources," "the interests of
8  persons not parties to the civil litigation," and "the interest of the public"). This Court has already
9  held—in part of its prior decision that was not reversed—that Relator's complaint states a claim that
10 defendants violated the FCA, cheating the Government out of at least hundreds of millions of dollars.
11 (ECF No. 135, at 63-4) The public disclosure bar has nothing to do with whether defendants
12 committed fraud, or the merits of the claims in the Complaint. Accordingly, if, under a correct
13 application of the law, the public disclosure bar does not apply to this action, then this Court should
14 not allow it to apply when doing so would allow defendants to escape accountability regardless of the
15 merits of the claims against them.

### C.  *Valeant*'s Reasoning Also Confirms that Relator is an Original Source

17      In addition to all of this, under the plain meaning of the FCA's "original source" provision, 31
18 U.S.C. § 3730(e)(4)(A), (B), Relator is an "original source" because his specialized knowledge of
19 patent law—which allowed him to identify fraud that a lay person could not—is "knowledge" that is
20 "independent of" and "materially adds to" publicly disclosed information in patent prosecution.
21      In addition to holding that the public disclosure bar has not been triggered because there has been
22 no prior disclosure of "substantially the same" allegations or transactions, *Valeant* confirms that the six
23 categories of information provided by Relator at p. 5, *supra* (and listed by the Court in ECF No. 197, at
24 13-14) and independent of, and "materially add" to publicly disclosed transactions, because Relator's
25 knowledge enabled him to consider facially innocuous public information and recognize fraud, and then
26 provide the information to the government. This conclusion is supported by this Court's decision in
27 *Valeant*, which held that by filling "the gaps by stitching together the material elements of the allegedly

- 15 -

RELATOR'S MOTION FOR INDICATIVE RULING FOR POST JUDGMENT          CASE NO. 3:18-CV-03018-JCS
RELIEF PURSUANT TO FRCP 60 AND 62.1

fraudulent scheme," the allegations in plaintiff's complaint allowed the "full picture" of defendants' fraud to emerge, where it was previously hidden and "scattered" in various sources, each of which only contained "a piece of the puzzle." 89 F.4th at 1168. Here, as in *Valeant*, plaintiff's knowledge enabled him to provide the Government "a critical fact necessary for scienter: [defendants] took conflicting positions in their patent prosecutions" of two separate patent applications. *Ibid*; Complaint, ECF No. 12, at ¶¶ 67–68; 74–78; and 81–84. Importantly, not only was such information particularly valuable for revealing what was previously hidden and unseen, it was also independent of the prior disclosures because the information was sufficiently different and distinct from the prior disclosed facts. *Valeant*'s holding therefore applies with equal force to whether the substantially identical allegations in this case were independent of, and materially added to, what was disclosed in the patent prosecution files for the purposes of determining plaintiff's original source status.

Because no court has yet decided the original source question after the intervening decision in *Valeant*, this Court should issue an indicative ruling so that it can consider and determine the issue in the first instance on remand, thereby providing the appellate court with the benefit of this Court's analysis.

<p style="text-align:center">*   *   *</p>

# CONCLUSION

For the foregoing reasons, the Court should issue an indicative ruling under Fed. R. Civ. P. 62.1 that, in light of *Valeant*, the Court would grant post judgment relief under Fed. R. Civ. P. 60. In the alternative, the Court should issue an indicative ruling under Fed. R. Civ. P. 62.1 that the Ninth Circuit's holding in *Valeant* "raises a substantial issue" whether the public disclosure bar has been triggered by the prior disclosure of "substantially the same" allegations or transactions in a statutory channel, and whether Relator qualifies as an "original source" even if there has been such a disclosure.

Respectfully submitted,

Dated: February 20, 2024     **HERRERA KENNEDY LLP**

By:   */s/ Nicomedes Sy Herrera*
         Nicomedes Sy Herrera

Nicomedes Sy Herrera (State Bar No. 275332)
Shawn M. Kennedy (SBN 218472)
Bret D. Hembd (SBN 272826)
Laura E. Seidl (State Bar No. 269891)
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
Facsimile:  (855) 969-2050
Email: NHerrera@HerreraKennedy.com
           SKennedy@HerreraKennedy.com
           BHembd@HerreraKennedy.com
           LSeidl@HerreraKennedy.com

**SPARACINO PLLC**
Tejinder Singh (*pro hac vice*)
1920 L Street, NW, Suite 835
Washington, DC 20036
Telephone: (202) 629-3530
Email: Tejinder.Singh@sparacinopllc.com

**BURNS CHAREST LLP**
Warren T. Burns (*pro hac vice*)
Christopher Cormier (*pro hac* vice)
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
Fax: (469) 444-5002
Email: wburns@burnscharest.com
           ccormier@burnscharest.com

*Attorneys for Plaintiff-Relator Zachary Silbersher*

- 17 -

RELATOR'S MOTION FOR INDICATIVE RULING FOR POST JUDGMENT         CASE NO. 3:18-CV-03018-JCS
RELIEF PURSUANT TO FRCP 60 AND 62.1