UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SILBERSHER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLERGAN INC., et al.,<br><br>    Defendants. | Case No. 18-cv-03018-JCS<br><br>**ORDER DENYING MOTION FOR INDICATIVE RULING FOR POST JUDGMENT RELIEF PURSUANT TO FRCP 60 AND 62.1**<br><br>Re: Dkt. No. 201 |

## I.    INTRODUCTION

Following entry of judgment against him, Relator Zachary Silbersher ("Relator") filed an appeal with the Ninth Circuit and that appeal is currently pending. Where an appeal has been docketed and remains pending, a district court cannot grant relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure without a remand. *See* Rule 62.1 advisory committee's note; *see also Balan v. Tesla Motors, Inc.*, 2020 WL 1248670, at *1 (W.D. Wash. Mar. 16, 2020) (citing *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002)). However, under Rule 62.1 of the Federal Rules of Civil Procedure, a district court may indicate to the court of appeals that it would alter its ruling if the case were remanded for that purpose. Relator brings a Motion for Indicative Ruling for Post Judgment Relief Pursuant to FRCP 60 AND 62.1 ("Motion"), seeking an indicative ruling on his request for relief from judgment under Rule 60(b)(6) based on the Ninth Circuit's recent decision in *United States ex rel. Silbersher v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154 (9th Cir. Jan. 5, 2024) ("*Valeant*"). For the reasons stated below, the Court finds that relief under Rule 60(b)(6) is not warranted and therefore the Motion is

DENIED.[1]

## II. BACKGROUND

### A. Procedural Background

In Relator's First Amended Complaint ("FAC"), Relator asserted claims under the federal False Claims Act ("FCA") and the false claims acts of various States based on allegations that Adamas and Allergan misled the United States Patent Office ("Patent Office") into issuing invalid patents protecting the drugs Namenda XR® and Namzaric®, thus perpetuating their monopoly power and allowing them to overcharge the federal government and the States for these drugs under various programs, including Medicare and Medicaid. FAC ¶¶ 1-8.

Adamas and Allergan brought motions to dismiss the FAC, challenging Relator's claims on three grounds. First, they argued that the FCA claims were barred under the public disclosure bar that is found in 31 U.S.C. § 3730(e)(4) because all of the transactions on which Relator's FCA fraud claims were based had been publicly disclosed in documents that were filed on the Patent Office's Patent Application Information Retrieval ("PAIR") website. Second, they argued that Relator does not fall under the "original source" exception to the public disclosure bar. Finally, they argued that Relator failed to allege facts sufficient to state any valid FCA claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court denied the motions, finding that the FCA claims were adequately alleged under Rule 12(b)(6) and the public disclosure bar did not apply. Dkt. no. 135. As to the latter holding, the Court concluded that Relator's claims were based on "substantially the same allegations or transactions" as the disclosures in the patent prosecution history, 31 U.S.C. § 3730(e)(4)(A), because all the material elements of the allegedly fraudulent transaction were disclosed in the patent prosecution history (as Relator conceded). Nonetheless, the Court found that the public disclosure bar did not apply because the disclosures were not made through one of the channels that triggers the public disclosure bar under the FCA. *Id.* The Court did not reach the question of whether Relator was an "original source."

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

Defendants asked the Court to certify its order for immediate appeal and the Court granted that request, observing that its order "addressed difficult questions of first impression with respect to the significance of recent amendments to the FCA" and noting that another judge of this Court reached a different conclusion as to whether disclosures in patent prosecution history trigger the public disclosure bar. Dkt. no. 147 at 4 (citing *United States ex rel. Silbersher v. Valeant Pharmaceuticals International, Inc*., No. 18-cv-1496 JD, N.D. Cal.). The Ninth Circuit accepted the interlocutory appeal and reversed this Court on the question of whether disclosures in the patent prosecution history fall within the ambit of the public disclosure bar, finding that they do. It declined to address Relator's argument that this Court erred in finding that the "substantially the same allegations or transactions" requirement was met, concluding Relator had waived his arguments on that question before this Court. *United States v. Allergan, Inc*., 46 F.4th 991 (9th Cir. 2022). The court of appeals then remanded for this Court to consider whether Relator was an "original source" under 31 U.S.C. § 3730(e)(4)(A).

On remand, Adamas and Allergan again brought motions to dismiss, asserting that Relator was not an "original source" because specialized expertise or background knowledge that helps a relator piece together a fraud claim from patent prosecution history is not sufficient to make a relator an original source. This Court agreed and therefore held that Relator was not an "original source" such that he could avoid the public disclosure bar. Dkt. no. 197. In the same order, the Court rejected Relator's argument that the disclosures in the patent prosecution history did not involve "substantially the same allegations or transactions" as alleged in the FAC, citing its previous finding that "the prosecution histories of the patents at issue in this case disclose the material elements of the fraud that is the basis for Relator's claim, both with respect to the Went Patents and the '009 patent, as they reveal both the true and false state of affairs with respect to the alleged fraud." *Id.* at 15 (citing dkt. no. 135 at 32). The Court further found that "[w]hile Relator has pointed to various categories of information he contends were not contained in the prosecution histories . . . all of them amount to conclusions he drew from analyzing the prosecution history using his specialized expertise in patent law; they do not change the Court's conclusion that the public patent files disclosed the transactions that Relator alleges were fraudulent." *Id.* The Court

3

1  also observed that "Relator conceded at the hearing on the previous motion to dismiss that the
2  patent files contain 'the relevant information from which the inference of fraud could be drawn.'"
3  *Id*. (citing dkt. no. 116 at 9).

4  On March 20, 2023, having found that the public disclosure bar applied to Relator's FCA
5  claims, the Court dismissed those claims with prejudice, declined to exercise supplemental
6  jurisdiction over the state law claims, which were dismissed without prejudice, and entered
7  judgment in favor of Allergan and Adamas. Dkt. nos. 197, 198. Relator appealed to the Ninth
8  Circuit and that appeal is pending.

### B. *Valeant*

After the Court entered judgment in favor of Allergan and Adamas, the Ninth Circuit issued its decision in *Valeant*. The original panel decision in that case was issued on August 3, 2023. 76 F. 4th 843 (9th Cir. Aug. 3, 2023). On January 5, 2024, that opinion was amended and superseded on denial of rehearing *en banc*. 89 F.4th 1154 (9th Cir. Jan. 5, 2024). In *Valeant*, the Ninth Circuit affirmed the district court as to its holding that disclosures in the patent prosecution history can trigger the public disclosure bar but reversed its holding that the disclosures in the patent prosecution history were "substantially the same" as the allegations supporting the FCA claims asserted in that case.

The relator in *Valeant*, Zachary Silbersher, is the same as the relator in this case and the theory of his FCA claims is also similar. In particular, Silbersher alleged in *Valeant*, as he does in this case, that the defendants made conflicting statements in two separate patent filings. 89 F.4th at 1161-1162. The defendants in *Valeant* argued that the disclosures in the patent prosecution history revealed "facts from which fraud could be inferred" and therefore, that the claims in that case were based on "substantially the same" transactions as had been publicly disclosed in the patent prosecution history and the district court agreed. *Id.* at 1167. The Court of Appeals rejected the defendant's argument, however.

First, the *Valeant* court clarified that in amending the FCA in 2010, "Congress re-enacted its prior law in clearer terms by replacing 'based upon' with 'substantially the same as,' leaving [Ninth Circuit] precedent interpreting that phrase undisturbed." *Id.* (citations omitted). *Id.* at

4

1167. It went on to apply the framework set forth in *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) to the facts of that case and concluded that the conflicting statements in the patent prosecution history, by themselves, "[did] not collectively disclose a combination of facts sufficient to permit a reasonable inference of fraud." *Id.* at 1167. Instead, the court found that "Silbersher's qui tam allegations provide a critical fact necessary for scienter: Falk and Valeant took conflicting positions in their patent prosecutions of the '344 and '688 Patents. Neither of these patent prosecutions, or any other disclosure, reveals that fact." *Id.* at 1167-1168.

### C. Contentions of the Parties

Relator asks the Court to issue an indicative ruling under Rule 62.1 informing the court of appeals that it would grant a Rule 60(b)(6) motion and vacate the judgment in this case, if it had jurisdiction to do so, because *Valeant* overruled the legal premises of the Court's ruling that led to the dismissal of his claims and entry of judgment against him. In particular, Relator contends, *Valeant*'s holding and reasoning directly conflict with this Court's conclusion that the "substantially the same" requirement of the public disclosure bar is satisfied in this case and casts doubt on its conclusion that Silbersher is not an original source. At a minimum, Relator contends, the Court should find that the *Valeant* decision raises a "substantial question" as to whether the Court's judgment should be vacated. Relator argues that consideration of the factors set forth in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), addressing the circumstances under which an order or judgment should be vacated where there has been a change in the law, supports the conclusion that he should be afforded relief under Rule 60(b)(6).

Allergan contends Relator's request for an indicative ruling is improper because it is asking this Court to decide the same questions that are before the Ninth Circuit on appeal. Dkt. no. 202 at 5-9. According to Allergan, it is particularly inappropriate to issue an indicative ruling on a question that is before the court of appeals where, as is the case here, the request is based on an intervening decision from the same court of appeals considering the issue. *Id.* at 7-8. Allergan further contends that even if the Court were to reach the merits of Relator's argument that relief is appropriate under Rule 60(b)(6), the Court should find such relief unwarranted because the Ninth Circuit has already found that Relator waived the argument that his claims are not "substantially

1  the same" as the disclosures in the patent prosecution history and that ruling is now "law of the
2  case." *Id.* at 9-10.
3        Finally, Allergan argues that the Relator's request is untimely and that the *Phelps* factors
4  do not support awarding relief under Rule 60(b)(6). In particular, Allergan argues that "no
5  intervening appellate decision overturned '*settled*' *law*" as *Valeant* only clarified existing law. *Id.*
6  at 11 (emphasis in original). In a footnote, Allergan contends the remaining *Phelps* factors also do
7  not support awarding relief under Rule 60(b)(6), asserting Relator did not act diligently because he
8  waited six months after the original panel decision in *Valeant* to bring the Motion and did not
9  preserve the question of whether the "substantially the same" requirement was met. *Id.* at 11 n. 5.
10        Adamas also argues that the Motion is untimely. It further asserts that under *Phelps*, relief
11  is not warranted because *Valeant* did not change the law but instead, only applied settled law to
12  the unique facts of that case. Moreover, Adamas argues, the facts in this case are distinguishable
13  from the facts in *Valeant* because in this case, in contrast to *Valeant*, "when the publicly disclosed
14  patent files are pieced together, they reveal the entirety of the 'scheme' that Relator purportedly
15  'discovered.' " Dkt. no. 203 at 16. Finally, Adamas contends the interest in finality under *Phelps*
16  supports denying relief because Relator is attempting to revive an argument he conceded six years
17  ago.

## III. ANALYSIS

### A. Legal Standards

#### 1. Rule 62.1

Rule 62.1 of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion;(2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed.R.Civ. P. 62.1(a). Rule 62.1(a). The Advisory Committee notes to Rule 62.1 explains:

> This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal. . . . Often it will be wise for the district court to

> determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

Fed. R. Civ. P. 62.1 Advisory Committee Notes (2009).

The corresponding Federal Rule of Appellate Procedure provides that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. Fed. R. App. P. 12.1(b).  The advisory committee note to that rule offers the following example:

> The "substantial issue" standard may be illustrated by the following hypothetical: The district court grants summary judgment dismissing a case. While the plaintiff's appeal is pending, the plaintiff moves for relief from the judgment, claiming newly discovered evidence and also possible fraud by the defendant during the discovery process. If the district court reviews the motion and indicates that the motion "raises a substantial issue," the court of appeals may well wish to remand rather than proceed to determine the appeal.

Fed. R. App. P. 12.1 Advisory Committee Note (2009). The Advisory Committee further explains, "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the movant may ask the court of appeals to remand so that the district court can make its final ruling on the motion." *Id.*

"A district court's decision to make an indicative ruling is discretionary." *Rabang v. Kelly*, No. C17-0088-JCC, 2018 WL 1737944, at *2 (W.D. Wash. Apr. 11, 2018).

### 2. Rule 60(b)(6)

Rule 60(b)(6) allows the district court to grant relief from a final judgment where there are "extraordinary circumstances." *Sch. Dist. No 1J, Multnomah Cty. v. ACandS Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).  The Ninth Circuit has "recognized that a change in the controlling law can— but does not always—provide a sufficient basis for granting relief under Rule 60(b)(6)." *Henson v. Fid. Nat'l Fin., Inc*., 943 F.3d 434, 444 (9th Cir. 2019) (citing *Phelps*,

7

569 F.3d at 1132-1133). In *Phelps*, the court identified six factors the district court should consider to determine whether a change in controlling law merits the reconsideration of a prior order. *Phelps*, 569 F.3d at 1135 (9th Cir. 2009). These factors are not a "rigid or exhaustive checklist," however, as "Rule 60(b)(6) is a grand reservoir of equitable power, . . . and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* (internal quotations and citations omitted).

The *Phelps* factors are as follows: (1) whether or not the change in the law upset a settled legal principal; (2) whether the petitioner exercised diligence in pursuing relief; (3) whether reopening the case would upset "the parties' reliance interest in the finality" of the judgment; (4) the extent of "the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief"; (5) the relative "closeness of the relationship" between the original judgment and the subsequent appellate decision; and (6) comity. *Id.* at 1135-1140.

**B.     Discussion**

Relator relies upon the *Phelps* factors in support of the Motion, which he contends establish that there are "extraordinary circumstances" under Rule 60(b)(6) that warrant vacating this Court's judgment. Before reaching that question, however, the Court must decide whether it is appropriate to issue an indicative ruling under Rule 62.1 in the first instance. That question is discretionary and is not governed by the *Phelps* factors. The Court concludes that under the circumstances of this case it is inappropriate to issue an indicative ruling.

The primary arguments Relator has presented to this Court in seeking an indicative ruling are that: (1) *Valeant* establishes that the disclosures in the prosecution history of the patents that are at issue in this case are not "substantially the same" as the claims in this case, contrary to this Court's previous holding on that question ; and (2) to the extent that he was found by the Ninth Circuit to have waived his challenge on this issue, the Court should decide this question on the merits in the interests of justice. These same issues, however, have been squarely presented to the Ninth Circuit in the pending appeal. Indeed, Relator does not dispute that the same arguments are made, verbatim, in his appellate briefs. Although there appear to be no Ninth Circuit decisions that address this issue, a number of district courts, including at least one in the Ninth Circuit, have

1   concluded that it is improper to issue an indicative ruling under such circumstances. A review of
2   some of these cases is instructive.
3          In *Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of*
4   *New York Mellon*, the plaintiffs sought leave to amend their complaint under Rule 15(a) of the
5   Federal Rules of Civil Procedure while an interlocutory appeal was pending, citing both the
6   discovery of new evidence and two decisions issued by the court of appeals after the district
7   court's decision. 297 F.R.D. 218, 220-221 (S.D.N.Y. 2013).  The court considered the request
8   under Rule 62.1, finding that that rule was not limited to requests for relief under Rule 60(b).  *Id.*
9   at 221.  The Court concluded, however, that an indicative ruling would be improper, explaining as
10  follows:

> [T]here is little indication the drafters of that rule intended it to be used in this manner: to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals. In effect, Plaintiffs are requesting this Court to inform the Second Circuit it believes its own opinion should be reversed. Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity. For example, a meritorious Rule 60(b) motion to vacate a judgment because of newly discovered evidence makes an appeal of that judgment unnecessary. But an indicative ruling on the very issue on appeal only interrupts the appellate process.

17  *Id.*  The court further observed that "[u]nlike a Rule 60(b) motion, where the appellate court
18  benefits from the district court's evidentiary assessments, the legal question at issue here is
19  reviewed de novo by the court of appeals. The Second Circuit needs no help deciphering the
20  meaning of its own decision."  *Id.* at 222 (citing *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609
21  F.3d 122, 127 (2d Cir. 2010)).
22         Likewise, in *Amarin Pharms. Ireland Ltd. v. Food & Drug Admin.*, 139 F. Supp. 3d 437,
23  447 (D.D.C. 2015), the court declined to issue an indicative ruling on a question of appellate
24  jurisdiction that was raised both in a pending appeal and a Rule 62.1 motion, reasoning as follows:

> "When appellate jurisdiction is at stake, what matters is the appellate court's assessment of finality, not the district court's . . . ." *Franklin v. District of Columbia*, 163 F.3d 625, 630 (D.C.Cir. 1998). Nothing in Rule 62.1, moreover, changes this rule or invites district courts to opine on questions of appellate jurisdiction. Rather, the purpose of Rule 62.1 is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court

> of appeals how it would rule on a motion made after the district court has been divested of jurisdiction. Where a district court concludes, for example, that newly discovered evidence warrants vacatur of a judgment that is already on appeal, the court can issue an indicative ruling, thereby allowing the court of appeals to remand the matter to the district court and obviating the need for the appeal. *See Retirement Bd. of the Policemen's Annuity and Benefit Fund v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y.2013); see also Fed. R. Civ. P. 62.1 advisory committee's note. "But an indicative rule on the very issue on appeal" would not promote judicial efficiency or fairness; to the contrary, it would "only interrupt[ ] the appellate process." *Retirement Bd.*, 297 F.R.D. at 221. Rule 62.1 was not meant to authorize the district court to provide unsolicited advice to the court of appeals on an issue of appellate jurisdiction. Here, rather than aiding the Court of Appeals in its consideration of the pending motions to dismiss Watson's appeal, an indicative ruling on the D.C. Circuit's appellate jurisdiction would do just what the filing of a notice of appeal is designed to avoid; it would, to borrow Judge Posner's words yet again, get "the district court and the courts of appeals" in "each other's hair." *Jones*, 768 F.2d at 931 (Posner, J., concurring).

139 F. Supp. 3d at 447–48.

The court in *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015) applied similar reasoning. There, the district court granted summary judgment in favor of the defendant on the plaintiff's patent infringement claim and the plaintiff appealed. 310 F.R.D. at 209-210. While the appeal was pending, the Federal Circuit issued a decision in a different case ("*Akamai*") that cast doubt on the district court's reasoning and the plaintiff brought a motion for an indicative ruling under Rule 62.1. *Id.* The court found that it would not be appropriate for it to issue an indicative ruling, reasoning:

> This is not a case involving newly discovered evidence or some inadvertence or mistake at the district court level, of which the appellate court would presumably be unaware. The issue here centers on the effect of the Federal Circuit's most recent decision in *Akamai* on this Court's prior ruling in Medtronic's favor. The Court of Appeals does not need this Court's advice or opinion on that issue.

*Id.* In a footnote, the court explained further:

> While the court in *Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218 (S.D.N.Y.2013), which has been cited by Medgraph, did state in dicta that there could be situations in which "an intervening change in the law . . . [might] mak[e] an indicative ruling the most expeditious course of action," the court in that case denied the plaintiffs' request for an indicative ruling, stating that "[t]he Second Circuit needs no help [from the district court] deciphering the meaning of its own" case law. *Id.* at 222. The same rationale applies here.

10

*Id.* at 211 n. 2.

The reasoning of *Retirement Bd. of Policemen's Annuity and Benefit Fund of City of Chicago v. Bank of New York Mellon* was also adopted by a district court in the Ninth Circuit in *Rabang v. Kelly*, No. C17-0088-JCC, 2018 WL 1737944, at *3 (W.D. Wash. Apr. 11, 2018). There, the district court denied a motion to dismiss on the basis of sovereign immunity and lack of subject matter jurisdiction where the defendant was the chairman of a tribal council that had not yet been recognized as the governing body of the tribe by the Department of the Interior at the time of the district court's ruling. 2018 WL 1737944, at *1. While the defendant's interlocutory appeal of that ruling was pending, the Department of the Interior recognized the tribal council as the ruling body of the tribe and the defendant brought a motion for an indicative ruling under Rule 62.1. *Id.* The court concluded that the relief sought by the defendant was improper, explaining:

> By requesting an indicative ruling, the Kelly Defendants are asking the Court to decide an issue that they have clearly put before the Court of Appeals. The Court does not believe that Rule 62.1 was intended for cases in this procedural posture. First, this is not a situation where a remand and subsequent decision by this court would aid the Court of Appeals in reaching its decision. See *Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. 218 at 222. Rather, the Kelly Defendants are simply asking this Court to decide the question on appeal by dismissing the complaint for lack of jurisdiction. (Dkt. No. 144 at 10.) Second, the Court cannot conclude that an indicative ruling would "obviate the need for appeal." *Id*. at 222. Even if the Court of Appeals were to remand the case, any subsequent ruling by this Court would likely be appealed. As a result, an indicative ruling could "have the potential for spawning future appeals." *Id*. at 223.

2018 WL 1737944, at *3.

While not all of the cases discussed above are on all fours with the circumstances here, they offer guidance as to the district court's exercise of discretion under Rule 62.1. In particular, they highlight at least two factors that the district courts found to be important in concluding that relief under Rule 62.1 was not appropriate. First, these courts relied, in part, on the fact that the issues on which indicative rulings were sought were not ones where the district court would be in any better position than the court of appeals to decide, distinguishing the prototypical situation in which indicative rulings have been issued, namely, where new evidence has been discovered while an appeal is pending. Second, they found that an indicative ruling would not, under the

11

1  circumstances of those cases, result in judicial efficiency or obviate the need for an appeal.
2  Rather, these courts found, an indicative ruling would likely prolong the case and spawn further
3  appeals.
4        The Court finds the reasoning of the cases discussed above to be instructive and concludes
5  that the salient factors point to the conclusion that an indicative ruling in this case will not be
6  helpful. First, the same issues Relator asks this Court to decide have also been raised in the appeal,
7  as discussed above.  Moreover, the Ninth Circuit needs no assistance from this Court in deciding
8  the two main issues Relator raises in the Motion, namely, whether he has waived his argument that
9  his claims are not "substantially the same" as the disclosures in the patent prosecution history; and
10  whether *Valeant* warrants a different result on that question.  As to the first question, this Court
11  has nothing special to offer because it was the original Ninth Circuit panel, and not this Court, that
12  found the waiver.   Likewise, as *Valeant* was decided by the Ninth Circuit, that court is well able
13  to evaluate the legal implications of *Valeant* for this case.
14        Furthermore, issuing an indicative ruling is unlikely to advance the goal of judicial
15  economy under the circumstances of this case.  Were the court of appeals to remand in order to
16  allow this Court to revisit the "substantially the same" requirement, an appeal of that decision
17  would surely follow and thus, remand would merely extend the time necessary to resolve the
18  question.  The Court also notes that deciding the appeal rather than remanding to this Court may
19  result in judicial economy to the extent it may moot the question of whether Relator's claims are
20  "substantially the same" as the disclosures in the patent prosecution history altogether.  In
21  particular, to the extent the Ninth Circuit agrees with Relator's argument that under *Valeant*, he is
22  an "original source," it may reverse this Court's holding on that question, thus establishing that the
23  public disclosure bar does not apply regardless of whether the "substantially the same"
24  requirement is met.
25        For these reasons, the Court finds that the indicative ruling requested by Relator is not
26  appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 7, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge

13