**FILED**

**NOT FOR PUBLICATION**

JAN 29 2025

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. ZACHARY SILBERSHER, Relator, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLERGAN, INC.; ALLERGAN USA, INC.; ALLERGAN SALES, LLC; FOREST LABORATORIES HOLDINGS, LTD.; ADAMAS PHARMA LLC; ADAMAS PHARMACEUTICALS, INC., <br><br> Defendants-Appellees. | No. 23-15613 <br><br> D.C. No. 3:18-cv-03018-JCS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted November 21, 2024
San Jose, California

Before: FRIEDLAND and BUMATAY, Circuit Judges, and KENNELLY,**
District Judge.

Appellant Zachary Silbersher appeals from the dismissal of his *qui tam* relator

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

suit brought under the False Claims Act ("FCA") against appellees Allergan, Inc., Adamas Pharma LLC, and their various affiliates and subsidiaries (hereinafter "Allergan and Adamas"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a district court's dismissal of claims under the FCA *de novo*. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898 (9th Cir. 2017).

Now on his second appeal, Silbersher alleges that Allergan and Adamas violated the FCA and equivalent state laws by fraudulently obtaining patents for two drugs used to treat Alzheimer's disease, Namenda XR® and Namzaric®. According to Silbersher, Allergan and Adamas were thus able to prevent generic manufacturers from entering the market, allowing them to submit artificially high prices for reimbursement or payment by Medicare, Medicaid, and various federal and state agencies that provide or pay for health services.

On remand, the district court dismissed Silbersher's *qui tam* action. The district court had previously held that Silbersher's complaint alleged substantially the same transactions as those contained in public disclosures as defined by 31 U.S.C. § 3730(e)(4)(A), and his claim therefore failed under the public disclosure bar of the FCA unless he could qualify as an original source as defined in § 3730(e)(4)(B). On remand, the district court concluded that Silbersher did not qualify as an original source and dismissed his claims.

Silbersher contends that the district court erred for two reasons. First,

Silbersher argues that his complaint does not contain substantially the same allegations or transactions as those contained in the qualifying public disclosures and therefore the public disclosure bar is not triggered. Second, Silbersher contends that if the public disclosure bar is triggered, he can still proceed with the *qui tam* action under the original source exception.

We hold that Silbersher waived the argument that the public disclosure bar does not apply by conceding at a hearing on the first motion to dismiss "that the relevant information from which the inference of fraud could be drawn is in the [patent prosecution history]." After that concession, Silbersher expressly agreed with the district court that the only remaining questions pertained to other issues not involving the "substantially the same" prong. *See United States v. Allergan, Inc.*, 46 F.4th 991, 996 n.6 (9th Cir. 2022) (declining to consider Silbersher's argument "that the information upon which he based his qui tam action was not 'substantially the same' as that which was publicly disclosed" because he waived that argument before the district court).

Silbersher contends that we should overlook his concession because of our recent decision in *Silbersher v. Valeant Pharmaceuticals International, Inc.*, 89 F.4th 1154 (9th Cir. 2024). Silbersher asserts that *Valeant* functions as a "recent change in the law" that would allow us to consider anew whether he triggers the public disclosure bar despite his previous concession. *See United States v. Patrin*,

575 F.2d 708, 712 (9th Cir. 1978). We disagree. Silbersher is the same plaintiff as in *Valeant* and successfully argued that the public disclosure bar is not triggered. The same argument that allowed him to do so there was available here, but he conceded the issue before the district court.

*Valeant* makes clear that Silbersher's argument that his expertise allows him to act as a *qui tam* relator is assessed under the "substantially the same" prong of the public disclosure bar, not the original source exception. In *Valeant*, we allowed Silbersher to proceed because "the scattered qualifying public disclosures . . . each contain[ed] a piece of the puzzle, but when pieced together, they fail[ed] to present the full picture of fraud." 89 F.4th at 1168. The court in *Valeant* determined that Silbersher's expertise brought those pieces of the puzzle together to "provide a critical fact necessary for scienter: [defendants] took conflicting positions in their patent prosecutions." *Id.* Silbersher did not trigger the public disclosure bar in *Valeant* because "[n]either of [the] patent prosecutions, or any other disclosure, reveals that fact." *Id.*

Silbersher argued in *Valeant* that he used his expertise to piece together information and thereby avoided the public disclosure bar. *See id.* at 1161–63. He makes the same assertions here. Therefore, Silbersher's expertise argument is assessed under the "substantially the same" prong rather than the original source exception. As laid out above, Silbersher's November 2020 waiver already conceded

4

5

that his claims are substantially the same as those in the public patent prosecution histories. Accordingly, the public disclosure bar applies, and we do not reach his arguments improperly directed to the "original source" exception.

**AFFIRMED.**